IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CARNIVAL CORPORATION | CIVIL ACTION |
| VERSUS | NO.  13-314 |
| BAE SYSTEMS SSY ALABAMA PROPERTY HOLDINGS, LLC, BAE SYSTEMS SOUTHEAST SHIPYARDS ALABAMA LLC, SIGNAL SHIP REPAIR, LLC, THE UNITED STATES ARMY CORPS OF ENGINEERS, BERNADETTE W. JOHNSON, individually and as Surviving Wife and as Administratrix and Personal Representative of the Estate of JOHN R. "BUSTER" JOHNSON, and JASON ALEXANDER EWING | SECTION: "     "

MAGISTRATE: (   ) |

## **COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT**

Plaintiff Carnival Corporation ("Carnival") files this complaint for damages against defendants BAE Systems Southeast Shipyards Alabama LLC and BAE Systems SSY Alabama Property Holdings, LLC (collectively "BAE"), and for declaratory judgment pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57, and alleges as follows:

### **PRELIMINARY STATEMENT**

This lawsuit arises from mooring bollard failures at BAE's shipyard in Mobile, Alabama, on April 3, 2013, which caused the breakaway of Carnival's cruise ship, the CARNIVAL TRIUMPH. At the time of the incident, the

TRIUMPH was moored at BAE's shipyard undergoing major repairs.  As a result, a number of parties, including Carnival, sustained damages.  As set forth below, Carnival seeks a judgment declaring that (A) BAE is liable for all damages caused by the bollard failures and subsequent breakaway, (B) Carnival is entitled to an award of damages against BAE, and (C) Carnival has no liability to any parties for the losses allegedly sustained in connection with the breakaway.

## ACTION FOR DAMAGES

1.     Carnival files this action for damages against defendants BAE Systems SSY Alabama Property Holdings, LLC and BAE Systems Southeast Shipyards Alabama LLC, and alleges as follows:

## JURISDICTION, VENUE, AND PARTIES

2.     This is an admiralty and maritime claim within the Court's jurisdiction pursuant to 28 U.S.C. §1333, 46 U.S.C. §30101, and Rule 9(h) of the Federal Rules of Civil Procedure.

3.     Venue is proper in the United States District Court for the Southern District of Alabama because a substantial part of the events giving rise to the claim occurred in this District.

4.     Plaintiff Carnival is a foreign corporation with its headquarters and principal place of business in Miami, Florida.  Carnival is the owner of the CARNIVAL TRIUMPH.

5.     Defendant BAE Systems SSY Alabama Property Holdings, LLC ("BAE Property") is a Delaware limited liability company.  Upon information and belief, BAE Property owns the property, wharfage, and piers where the events giving rise to this lawsuit occurred.

6.     Defendant BAE Systems Southeast Shipyards Alabama, LLC ("BAE Shipyard") is a Delaware limited liability company.  BAE Shipyard operates the shipyard where the events giving rise to this lawsuit occurred and contracted with Carnival to repair the TRIUMPH.

## GENERAL ALLEGATIONS

7.     On April 3, 2013 the TRIUMPH was undergoing repairs at the BAE Shipyard in Mobile, Alabama.  The TRIUMPH was moored with its port side along Pier K and its bow facing towards the Mobile River.  Numerous mooring lines were in use at both the forward and aft ends of the ship.  These lines were tied to the available mooring bollards on the pier, four bollards at the forward end and four bollards at the aft end.  The TRIUMPH was undergoing significant repairs and was completely dependent on shore power and other services provided by BAE, as neither the main nor emergency generators on the ship was functional.

8.     At about 1:30 pm, during a rainstorm, four of the bollards on Pier K to which the mooring lines of the TRIUMPH were tied failed and broke free from the pier, three at the aft end and one at the forward end.  This in turn placed increased

load on the remaining mooring lines and compromised the integrity of the entire mooring arrangement, causing the TRIUMPH to break free from the pier.

9.      As a direct and proximate result of the failure of the BAE bollards, the TRIUMPH began drifting away from the pier.  As it pulled away from the pier, the shore supply lines broke, including the power supply, causing a complete blackout onboard.  Due to the incomplete status of the repairs at the time of the bollard failures, the TRIUMPH was unable to use its propulsion, thrusters, or other shipboard systems to attempt to control the vessel.

10.     Before the TRIUMPH could be completely brought under control, it drifted into and across the Mobile River.  The starboard side of the TRIUMPH made contact with several structures and vessels, resulting in property damage and personal injury.  The TRIUMPH also incurred significant damage as a result of the incident.  The TRIUMPH was towed to the Mobile Alabama Cruise Ship Terminal, where it was forced to remain through the completion of repairs.

11.     The failure of BAE's mooring bollards directly and proximately caused the TRIUMPH to break from its moorings.  Unknown to Carnival, the bollards and their fasteners were outdated, severely deteriorated, defective, and unsuitable for mooring the TRIUMPH.  The defective and deteriorated bollard bolts constitute a hidden danger that was not visually apparent.

4

12.    Upon information and belief, prior to the arrival of the TRIUMPH at the BAE shipyard, BAE knew of the inadequate and defective condition of the bollards on Pier K and of the risk of their failure.  Regardless, BAE directed the TRIUMPH to moor at Pier K using the defective and unsuitable bollards.  BAE concealed and failed to warn Carnival of the deteriorated and inadequate condition of the bollards or of the risk of their failure.

## DAMAGES

13.    As a direct and proximate result of BAE's conduct and the failure of its bollards, Carnival has suffered damages, including, but not limited to:

a.    Physical damages to the TRIUMPH;

b.    Increased repair costs for being required to finish repairs to the TRIUMPH at a facility outside of the BAE shipyard;

c.    Lost revenue and profits during the time the TRIUMPH was required to be out of service for repairs;

d.    Attorneys' fees, costs, and expenses incurred in the defense of claims arising out of the breakaway;

e.    Other consequential and incidental damages; and

f.    Attorneys' fees, costs and expenses incurred as a result of the incident.

14.     Carnival's damages are estimated to be in excess of $12,600,000.00, as nearly as can be ascertained at this time, exclusive of interest, costs, and attorneys' fees.  Carnival reserves the right to amend these damage elements and estimates as more information becomes available.

15.     Carnival is entitled to recover compensatory and punitive damages from BAE due to BAE's negligent and wrongful conduct, including wanton and reckless misconduct and gross negligence.

## CAUSES OF ACTION

### Count One - Wanton and Reckless, Grossly Negligent, and/or Negligent Conduct

16.     Carnival re-alleges and incorporates paragraphs 1 – 15 above as if fully set forth herein.

17.     BAE was wanton and reckless, grossly negligent, and/or negligent in one or more of the following respects:

    a.     Directing the TRIUMPH to moor at an unsafe and inadequate pier with unsafe and inadequate mooring bollards that were known to BAE, or should have been known to BAE, to be unsafe and inadequate;

    b.     Failing to provide a safe and suitable berth for the TRIUMPH;

    c.     Failing to provide adequate mooring bollards for the TRIUMPH;

6

d.      Failing to adequately design, inspect, maintain, repair, and/or replace its piers and mooring equipment, including the bollards used to moor the TRIUMPH, and Piers J and K;

e.      Failing to adequately ascertain the condition of its piers and mooring equipment and to ensure that they were safe for the mooring of the TRIUMPH;

f.      Failing to warn Carnival of the deteriorated and unsafe condition of the mooring equipment; and

g.      Other acts of negligence that will be shown at trial.

18.    As a direct and proximate result of BAE's wanton, reckless, grossly negligent, and/or negligent conduct, Carnival has suffered substantial damages, including, but not limited to, those set forth in paragraphs 13 - 15 above.

## Count Two – Breach of Contract

19.    Carnival re-alleges and incorporates paragraphs 1 – 18 above as if fully set forth herein.

20.    At the time of this incident, the TRIUMPH was undergoing repairs pursuant to a ship repair contract dated February 17, 2013, between Carnival and BAE Shipyard.  Pursuant to the ship repair contract, BAE Shipyard undertook to provide a berth and wharfage for the TRIUMPH.

21.     BAE Shipyard breached this ship repair contract by failing to provide a suitable berth and wharfage for the TRIUMPH.   The berth and wharfage provided were completely unsuitable for the TRIUMPH due to the deteriorated, defective, and inadequate bollards used to moor the TRIUMPH at Pier K.

22.     As a direct and proximate result of BAE's breach of contract, Carnival has suffered substantial damages, including, but not limited to, those set forth in paragraphs 13 - 15 above.

**Count Three – Breach of the Implied Warranty of Workmanlike Performance**

23.     Carnival re-alleges and incorporates paragraphs 1 – 22 above as if fully set forth herein.

24.     The TRIUMPH was undergoing repairs pursuant to a ship repair contract dated February 17, 2013, between Carnival and BAE Shipyard.

25.     Implied by law in all ship repair contracts is a warranty that the work will be done with the requisite degree of diligence, attention, and skill adequate to complete the task.   The warranty of workmanlike performance also requires a wharfinger to provide a safe berth to shipowners for whom it provides services, to properly maintain the dock and berth, and to disclose any unsafe or dangerous conditions of the dock and berth.

26.     BAE Shipyard breached the implied warranty of workmanlike performance in one or more of the following respects:

a.      Failing to provide a safe and suitable berth for the TRIUMPH;

b.      Failing to provide adequate mooring bollards for the TRIUMPH;

c.      Failing to adequately design, inspect, maintain, repair, and/or replace its piers and mooring equipment, including the bollards used to moor the TRIUMPH;

d.      Failing to adequately ascertain the condition of its piers and mooring equipment and to ensure that they were safe for the mooring of the TRIUMPH;

e.      Failing to warn Carnival of the deteriorated and unsafe condition of the mooring equipment; and

f.      Other acts as will be shown at trial.

27.    As a direct and proximate result of BAE's breach of the implied warranty of workmanlike performance, Carnival has suffered substantial damages, including, but not limited to, those set forth in paragraphs 13 - 15 above.

28.    As a result of BAE's breach of the implied warranty of workmanlike performance, Carnival is entitled to indemnity from BAE Shipyard for all attorneys' fees, costs, and expenses incurred in the defense of claims asserted against Carnival arising out of the bollard failures and subsequent breakaway.

## ACTION FOR DECLARATORY JUDGMENT

29.    Carnival files this action for declaratory judgment pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57, and alleges as follows:

30.    Carnival re-alleges and incorporates paragraphs 1- 28 above as if fully set forth herein.

## JURISDICTION, VENUE, AND PARTIES

31.    This action presents an actual controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §2201.    This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1333, 46 U.S.C. § 30101, and Rule 9(h) of the Federal Rules of Civil Procedure.

32.    Venue is proper in the United States District Court for the Southern District of Alabama because a substantial part of the events giving rise to the claim occurred in this District.

33.    Made defendant in the declaratory action is Signal Ship Repair, LLC ("Signal").  Signal is a Delaware limited liability company with its principal place of business in Mobile, Alabama.  The TRIUMPH made contact with and damaged Signal's shipyard facility on the Mobile River after BAE's bollards failed and caused the ship to break free from the BAE pier.  On April 8, 2013, Signal sent Carnival a demand for security for its claim for damages.  In response, a letter of

undertaking in the amount of $300,000.00 was provided to Signal on April 29, 2013.

34.     Made defendant in the declaratory judgment action is the United States Army Corps of Engineers (the "Corps").  The Corps is the owner of the dredge WHEELER.   The TRIUMPH made contact with and damaged the WHEELER after BAE's bollards failed and caused the ship to break free from the BAE pier.  The Corps requested that Carnival participate in a joint survey of the damage to the WHEELER, and it is anticipated that the Corps will present a claim against Carnival for damages sustained by the WHEELER.

35.     Made defendant in the declaratory judgment action is Bernadette W. Johnson, individually and as Surviving Wife and as Administratrix and Personal Representative of the Estate of John R. "Buster" Johnson, who drowned during the incident.   Bernadette W. Johnson, individually and as Surviving Wife and as Administratrix and Personal Representative of the Estate of John R. "Buster" Johnson, filed a lawsuit against Carnival on May 29, 2013, in the Circuit Court of Mobile County, Alabama.

36.     Made defendant in the declaratory judgment action is Jason Alexander Ewing, who is alleged to have sustained personal injuries during the incident. Jason Ewing filed a lawsuit against Carnival on May 29, 2013, in the Circuit Court of Mobile County, Alabama.

37.     Carnival reserves the right to amend and add additional defendants in the declaratory judgment action if necessary as more information becomes available.

## GENERAL ALLEGATIONS

38.     As detailed above, BAE's wrongful conduct and the failure of BAE's bollards are the direct and proximate cause of the breakaway of the TRIUMPH. All of the damages asserted by the declaratory judgment defendants were incurred during the breakaway and were likewise proximately caused by the fault of BAE.

39.     The damages and personal injuries were not caused or contributed to in any way by any fault, negligence, or lack of due care on the part of Carnival, the TRIUMPH, or any persons for whom Carnival was or is responsible.

## DECLARATORY RELIEF

40.     An actual, present and existing controversy has arisen between Carnival and the declaratory judgment defendants with respect to the liability of Carnival for damages and personal injuries caused by the failure of BAE's mooring bollards which resulted in the breakaway of the TRIUMPH.

41.     Carnival seeks a declaration that it is not liable for any of the damages or injuries alleged to arise from the bollard failures and subsequent breakaway. Such a declaration would serve a useful purpose in deciding factual issues common to multiple claims and clarifying the liability for the bollard failure incident.  The

declaratory judgment action also would promote judicial economy and best serve the interest of justice by bringing the multiple parties together to resolve all aspects of the controversy in a single proceeding.

**WHEREFORE**, Carnival respectfully prays for the following:

A. That the Court, after due proceedings, enter judgment in Carnival's favor and against each of the BAE defendants for the causes of action alleged herein;

B. That an award of damages be entered in Carnival's favor for:

    a.  Actual, consequential, and incidental damages;

    b.  Punitive damages;

    c.  Attorneys' fees and costs;

    d.  Pre and post-judgment interest; and

    e.  All other relief deemed just and equitable.

C. That the Court render declaratory judgment pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure that Carnival is not liable for any of the damages or injuries alleged to have arisen from the breakaway of the TRIUMPH.

Respectfully Submitted,

  **s/ Mary Campbell Broughton**
MARY CAMPBELL BROUGHTON (27867)
**FOWLER RODRIGUEZ**

P. O. Box 40008
Mobile, Alabama 36640
Telephone:  251-344-4721
Fax:  251-343-7503
*Counsel for Carnival Cruise Lines*


ANTONIO J. RODRIGUEZ (11375)
GEORGE J. FOWLER, III (05798)
A. T. CHENAULT (20747)
MICHAEL A. HAROWSKI (30543)
**FOWLER RODRIGUEZ**
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone:  504-523-2600
Fax:  504-523-2705
*Counsel for Carnival Cruise Lines*