IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CARNIVAL CORPORATION | * | |
| | * | |
| v. | * | |
| | * | |
| BAE SYSTEMS SSY ALABAMA | * | |
| PROPERTY HOLDINGS, LLC,  BAE | * | |
| SYSTEMS SOUTHEAST SHIPYARDS | * | |
| ALABAMA LLC,  SIGNAL SHIP | * | |
| REPAIR, LLC,  THE UNITED STATES | * | |
| ARMY CORPS OF ENGINEERS, | * | |
| BERNADETTE W. JOHNSON, | * | CIVIL ACTION NO. 13-314 |
| individually and as Surviving Wife and as | * | IN ADMIRALTY |
| Administratrix and Personal Representative | * | |
| of the Estate of JOHN R. "BUSTER" | * | *In Personam and In Rem* |
| JOHNSON, and JASON ALEXANDER | * | |
| EWING | * | |
| | * | |
| SIGNAL SHIP REPAIR, LLC, | * | |
| | * | |
| Counter- and Cross-Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CARNIVAL CORPORATION, BAE | * | |
| SYSTEMS SSY ALABAMA PROPERTY | * | |
| HOLDINGS, LLC,  BAE SYSTEMS | * | |
| SOUTHEAST SHIPYARDS ALABAMA | * | |
| LLC, *in personam,* and M/V CARNIVAL | * | |
| TRIUMPH, her engines, tackle, gear, | * | |
| appurtenances, and all accessories thereto, | * | |
| *in rem*, | * | |
| | * | |
| Counter- or Cross-Defendants. | * | |

**SIGNAL SHIP REPAIR, LLC'S ANSWER,**
**<u>COUNTERCLAIM AND CROSSCLAIMS</u>**

Defendant Signal Ship Repair, LLC ("SSR") submits the following Answer and

Defenses to the Complaint and makes the following Counterclaim and Cross-claims:

## ANSWER

### FIRST DEFENSE

SSR answers the numbered paragraphs of Carnival Corporation's Complaint as follows:

The unnumbered paragraph titled "Preliminary Statement" provides a general description of the lawsuit and the natural of Carnival's claims.  Thus, no response is required.

1.     This paragraph of the Complaint contains no allegations.  Thus, no response is required.

2.     Admitted.

3.     Admitted.

4.     Upon information and belief, admitted.

5.     Upon information and belief, admitted.

6.     Upon information and belief, admitted.

7.     Upon information and belief, SSR admits that on April 3, 2013, the TRIUMPH was undergoing repairs at the BAE Shipyard in Mobile, Alabama, with its port side moored along Pier K with its bow facing towards the Mobile River.  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph relating to the manner in which the TRIUMPH was moored to the pier.  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph relating to whether the TRIUMPH was completely dependent upon shore power and other services provided by BAE.

8.     SSR admits that the TRIUMPH broke free from Pier K at approximately 1:30 p.m.  SSR believes that certain bollards on Pier K failed and broke free from the pier.  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph not heretofore specifically admitted.

9.     SSR believes that as a direct and proximate result of the failure of the BAE bollards, the TRIUMPH began drifting away from the pier.  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph not heretofore specifically admitted.

10.     SSR admits that before the TRIUMPH could be completely brought under control, it drifted into and across the Mobile River and made contact with several structures and vessels, resulting in property damage and personal injury.  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph not heretofore specifically admitted.

11.     SSR believes that the failure of BAE's mooring bollards was a direct and proximate cause of the breakaway of the TRIUMPH.  SSR believes the bollards and their fasteners were outdated, severely deteriorated, defective, and unsuitable for mooring the TRIUMPH.  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph not heretofore specifically admitted.

12.     SSR believes that BAE knew of the inadequate and defective condition of the bollards on Pier K and of the risk of their failure prior to the arrival of the TRIUMPH.  SSR

3

believes that BAE directed the TRIUMPH to moor at Pier K using the defective and unsuitable bollards.  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph not heretofore specifically admitted.

13.    SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph and its subparagraphs (a) through (f).

14.    SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

15.    SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

16.    SSR reasserts and incorporates its responses to paragraphs 1-15 above as if fully set forth herein.

17.    SSR believes that BAE was wanton and reckless, grossly negligent, and/or negligent as set out in this paragraph and its subparagraphs (a) through (f).  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph not heretofore specifically admitted.

18.    SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

19.    SSR reasserts and incorporates its responses to paragraphs 1-18 above as if fully set forth herein.

20.    Upon information and belief, SSR admits the TRIUMPH was undergoing repairs at the time of this incident.  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph not heretofore specifically admitted.

21.    SSR believes the berth and wharfage provided were completely unsuitable for the TRIUMPH due to the deteriorated, defective, and inadequate bollards used to moor the TRIUMPH at Pier K.  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph not heretofore specifically admitted.

22.    SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

23.    SSR reasserts and incorporates its responses to paragraphs 1-22 above as if fully set forth herein.

24.    Upon information and belief, SSR admits the TRIUMPH was undergoing repairs at the time of this incident.  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph not heretofore specifically admitted.

25.    The allegations in this paragraph assert legal conclusions.  Thus, no response is required.

26.    SSR believes BAE breached the implied warranty of workmanlike performance as set out in this paragraph and its subparagraphs (a) through (e).  SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph not heretofore specifically admitted.

27.    SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

28.    SSR lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

29.    SSR admits that Carnival has filed an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

30.    SSR reasserts and incorporates its responses to paragraphs 1-28 above as if fully set forth herein.

31.    Admitted.

32.    Admitted.

33.    SSR admits that it is a Delaware limited liability company with its principal place of business in Mobile, Alabama.  SSR admits that the TRIUMPH made contact with and damaged SSR's shipyard facility on the Mobile River after the TRIUMPH broke free from the BAE pier.  SSR admits that on April 8, 2013, SSR sent Carnival a demand for security for its claim for damages, and that in response, a letter of undertaking in the amount of $300,000 was provided to SSR on April 29, 2013.  SSR denies all allegations contained in this paragraph not heretofore specifically admitted.

34.    SSR admits that the Corps is the owner of the dredge WHEELER.  SSR admits that the TRIUMPH made contact with and damaged the WHEELER after the TRIUMPH broke free from the BAE pier.  Upon information and belief, SSR admits that the Corps requested that

Carnival participate in a joint survey of the damage to the WHEELER.  SSR lacks sufficient knowledge or information as to whether the Corps will present a claim against Carnival for the damages sustained by the WHEELER.   All allegations contained in this paragraph not heretofore specifically admitted are denied.

35.    Upon information and belief, admitted.

36.    Upon information and belief, admitted.

37.    This paragraph contains no allegations against this defendant.   Thus, no response is required.

38.    SSR believes that BAE's wrongful conduct and the failure of BAE's bollards were a direct and proximate cause of the breakaway of the TRIUMPH.  SSR believes that BAE's wrongful conduct and the failure of BAE's bollards were a proximate cause of the damages sustained by SSR as a result of the breakaway.  All allegations in this paragraph not heretofore specifically admitted are denied.

39.    Denied.

40.    SSR admits that an actual, present, and existing controversy has arisen between Carnival and SSR with respect to the liability of Carnival for the damages caused by the breakaway of the TRIUIMPH.   All allegations in this paragraph not heretofore specifically admitted are denied.

41.    SSR denies that Carnival is entitled to the declaration sought in this paragraph.

SSR denies that Carnival is entitled to any of the relief requested in the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against SSR.

## THIRD DEFENSE

The exercise of federal court discretion under the Declaratory Judgment Act is not appropriate in this case because Carnival merely seeks a declaration of nonliability.

## RESERVATION OF OTHER DEFENSES

SSR reserves the right to add other defenses as they may become available through discovery.

## COUNTERCLAIM AND CROSS-CLAIMS

Counter-Plaintiff/Cross-Plaintiff Signal Ship Repair, LLC ("SSR") states the following Counterclaim against *in personam* Counter-Defendant Carnival Corporation, and the following Cross-claims against *in personam* Cross-Defendants BAE Systems SSY Alabama Property Holdings, LLC ("BAEPH") and BAE Systems Southeast Shipyards Alabama LLC ("BAESSS") and *in rem* Cross-Defendant M/V CARNIVAL TRIUMPH:

1.      These claims are within the admiralty and maritime jurisdiction of this Court and are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure brought pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30101, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.      SSR is a Delaware limited liability company with its principal place of business on Mobile River in Mobile, Alabama.

8

3.     Counter-Defendant Carnival is a foreign corporation with its headquarters and principal place of business in Miami, Florida.  Carnival is the owner/operator of the TRIUMPH, which was involved in the events giving rise to this lawsuit.

4.     Cross-Defendant BAEPH is a Delaware limited liability company with its principal place of business in Mobile, Alabama.  Upon information and belief, BAEPH owns the property, wharfage, and piers where the events giving rise to this lawsuit occurred.

5.     Cross-Defendant BAESSS is a Delaware limited liability company with its principal place of business in Mobile, Alabama.  BAESSS operates the shipyard where the events giving rise to this lawsuit occurred.

6.     Cross-Defendant M/V CARNIVAL TRIUMPH and her engines, tackle, gear, appurtenances and all accessories thereto, *in rem*, is a cruise ship whose IMO number is 91338850.  The TRIUMPH was involved in the events giving rise to this lawsuit.  Prior to the commencement of this lawsuit, Carnival, as the owner of the TRIUMPH, caused a $300,000 Letter of Undertaking to be issued to SSR and specifically agreed to file an appearance on behalf of the TRIUMPH and to file a claim of owner for the TRIUMPH in this *in rem* proceeding as if the vessel had been arrested.

7.     Venue is proper in this District because the events giving rise to SSR's claims occurred in this District.

8.     On April 3, 2013, the TRIUMPH was moored on the north side of Pier K at the BAE facility on the east side of the Mobile River.

9.     On April 3, 2013, the TRIUMPH broke from its moorings on Pier K, pulled out bollards, broke or otherwise detached mooring lines, and traveled west across the Mobile River

and allided with and damaged mooring dolphins at SSR's facility on the west side of the Mobile River.

10.     The breakaway and subsequent allision were proximately caused by the negligent acts and/or omissions of the Counter-Defendant and Cross-Defendants in one or more of the following respects:

(a)     They failed to adequately, properly, and securely moor the TRIUMPH;

(b)     They failed to adequately and properly monitor the mooring lines of the TRIUMPH;

(c)     They failed to adequately, properly, and securely moor the TRIUMPH in a safe manner for the prevailing and foreseeable conditions;

(d)     They failed to provide sufficient tackle, appurtenances, gear, etc., with which to adequately, properly, and securely moor the TRIUMPH;

(e)     They failed to adequately and properly monitor the weather conditions on April 3, 2013, and failed, in the presence of changing conditions, to adequately, properly, and securely moor the TRIUMPH;

(f)     They failed to choose an appropriate berth to adequately, properly, and securely moor the TRIUMPH;

(g)     They moored the TRIUMPH at an inappropriate and unsafe berth at Pier K;

(h)     They allowed, authorized, and/or permitted the TRIUMPH to moor at Pier K which was an unsafe and inadequate docking facility with unsafe and inadequate mooring bollards;

(i)     They failed to warn of the inadequacy and the lack of maintenance, repair and/or replacement of unsafe and/or deteriorated wharfage and mooring equipment;

(j)     They failed to adequately evaluate the sufficiency and integrity of wharfage and mooring equipment at Pier K, including bollards, to insure they were safe and adequate for the mooring of vessels like the TRIUMPH;

(k)     They failed to adequately inspect, maintain, repair and replace deteriorated and unsafe mooring bollards;

(l)     They failed to take appropriate actions to prevent the TRIUMPH from alliding with SSR's facility; and

(m)     They engaged in other acts of negligence that will be proven at trial.

11.     As a direct and proximate result of Counter-Defendant's and Cross-Defendants' negligence, SSR has suffered damages in an amount to be proven at trial.

WHEREFORE, SSR prays that:

(a)     Process and due form of law according to the rules and practices of this Court in cases of admiralty and maritime jurisdiction issue against the M/V CARNIVAL TRIUMPH, her engines, tackle, gear, appurtenances and all accessories thereto.

(b)     This Court enter judgment, *in personam*, in favor of SSR against Counter-Defendant Carnival Corporation, Cross-Defendant BAE Systems SSY Alabama Property Holdings, LLC, and Cross-Defendant BAE Systems Southeast Shipyards Alabama LLC for compensatory damages to be proven at trial, plus costs, expenses, and attorneys' fees.

(c)     This Court enter judgment, *in rem*, in favor of SSR against Cross-Defendant M/V CARNIVAL TRIUMPH for compensatory damages to be proven at trial, plus costs, expenses, and attorneys' fees.

(d)     SSR may have such other, further, and additional relief as justice and equity may require.

Respectfully submitted,

*/s/ Paul T. Beckmann*
NORMAN M. STOCKMAN (STOCN9440)
PAUL T. BECKMANN (BECKP0493)
Attorneys for Signal Ship Repair, LLC

OF COUNSEL:
HAND ARENDALL LLC
Post Office Box 123
Mobile, Alabama  36601
(251) 432-5511
nstockman@handarendall.com
pbeckmann@handarendall.com

CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Alanson Trigg Chenault<br>400 Poydras Street, 30th Floor<br>New Orleans, LA 70130<br>504-523-2600<br>atc@frfirm.com<br>*For the Plaintiff* | Frazer, Greene, Upchurch & Baker LLC<br>P. O. Box 1686<br>Mobile, AL 36633<br>(334) 431-6020<br>adf@frazergreene.com<br>*For Defendant BAE Systems SSY*<br>*Alabama Property Holdings, LLC* | Brian P. McCarthy<br>McDowell Knight Roedder &<br>Sledge, L.L.C.<br>P.O. Box 350<br>Mobile, AL 36601<br>(251) 432-5300<br>bmccarthy@mcdowellknight.com<br>*For Defendant BAE Systems*<br>*Southeast Shipyards Alabama, LLC* |
| Antonio Jose Rodriguez<br>Fowler, Rodriguez, Valdes-Fauli<br>400 Poydras St., 30th FL<br>New Orleans, LA 70130<br>504-523-2600<br>ajr@frvf-law.com<br>*For the Plaintiff* | Jay Nicklos Robinson<br>Frazer, Greene, Upchurch & Baker LLC<br>P. O. Box 1686<br>Mobile, AL 36633<br>251-461-6020<br>jnr@frazergreene.com<br>*For Defendant BAE Systems SSY*<br>*Alabama Property Holdings, LLC* | George W. Finkbohner , III<br>Toby D. Brown<br>Cunningham, Bounds, LLC<br>P.O. Box 66705<br>Mobile, AL 36660<br>(251) 471-6191<br>gwf@cunninghambounds.com<br>tdb@cunninghambounds.com<br>*For Defendants Jason Alexander*<br>*Ewing and Bernadette W. Johnson,*<br>*individually and as surviving wife,*<br>*and as administratrix and personal*<br>*representative of the estate of John*<br>*R. "Buster" Johnson* |
| Mary C. Broughton<br>Fowler Rodriguez<br>56 St. Joseph Street, Suite 1303<br>Mobile, AL 36602<br>(251) 344-4721<br>mcb@frc-law.com<br>*For the Plaintiff* | Mary Margaret Bailey<br>Frazer, Greene, Upchurch & Baker LLC<br>P. O. Box 1686<br>Mobile, AL 36633<br>(334) 431-6020<br>mmb@frazergreene.com<br>*For Defendant BAE Systems SSY*<br>*Alabama Property Holdings, LLC* | |
| Michael Andrew Harowski<br>400 Poydras Street, 30th Floor<br>New Orleans, LA 70130<br>504-523-2600<br>mharowski@frfirm.com<br>*For the Plaintiff* | Michael E. Upchurch<br>Frazer, Greene, Upchurch & Baker LLC<br>P. O. Box 1686<br>Mobile, AL 36633<br>(334) 431-6020<br>meu@frazergreene.com<br>*For Defendant BAE Systems SSY*<br>*Alabama Property Holdings, LLC* | David A. Bagwell<br>P.O. Box 2126<br>Fairhope, AL 36533<br>(251) 928-2970<br>david@bagwellesq.com<br>*For Defendants Jason Alexander*<br>*Ewing and Bernadette W. Johnson,*<br>*individually and as surviving wife,*<br>*and as administratrix and personal*<br>*representative of the estate of John*<br>*R. "Buster" Johnson* |
| George J. Fowler , III<br>400 Poydras Street, 30th Floor<br>New Orleans, LA 70130<br>504-523-2600<br>fow@frfirm.com<br>*For the Plaintiff* | | |

/s/ Paul T. Beckmann

1731502_1.docx