IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CARNIVAL CORPORATION<br><br>VERSUS<br><br>BAE SYSTEMS SSY ALABAMA PROPERTY HOLDINGS, LLC, BAE SYSTEMS SOUTHEAST SHIPYARDS ALABAMA LLC, SIGNAL SHIP REPAIR, LLC, THE UNITED STATES ARMY CORPS OF ENGINEERS, BERNADETTE W. JOHNSON, individually and as Surviving Wife and as Administratrix and Personal Representative of the Estate of JOHN R. "BUSTER" JOHNSON, and JASON ALEXANDER EWING | CIVIL ACTION<br><br>NO. 13-314-CG-C |

## CARNIVAL CORPORATION'S ANSWER TO
## SIGNAL SHIP REPAIR, LLC'S COUNTERCLAIM AND CROSSCLAIM

**NOW INTO COURT**, through undersigned counsel, comes Carnival Corporation ("Carnival") for itself and as owner of the M/V CARNIVAL TRIUMPH ("TRIUMPH"), to answer the *in personam* counterclaim against Carnival and the *in rem* cross-claim against the TRIUMPH filed by Signal Ship Repair, LLC ("Signal"), and respectfully avers upon information and belief as follows:

## ANSWER

Answering the specific allegations contained in Signal's counterclaim and cross-claim, Carnival avers as follows:

1. The allegations contained in paragraph 1 are admitted.

2. The allegations contained in paragraph 2 are admitted upon information and belief.

3. The allegations contained in paragraph 3 are admitted.

4. The allegations contained in paragraph 4 are admitted upon information and belief.

5. The allegations contained in paragraph 5 are admitted upon information and belief.

6. The allegations contained in paragraph 6 are admitted, but Carnival corrects the TRIUMPH'S IMO number to read 9138850.

7. The allegations contained in paragraph 7 are admitted.

8. The allegations contained in paragraph 8 are admitted.

9. In response to the allegations contained in paragraph 9, Carnival admits that four of the bollards on Pier K to which the mooring lines of the TRIUMPH were tied failed and broke free from the pier. These bollard failures caused the TRIUMPH to break free from its moorings and drift across the Mobile

River and allide with Signal's facility. All allegations in this paragraph not specifically admitted are denied.

10. The allegations contained in paragraph 10 and its subparagraphs (a) through (m) are denied as they apply to Carnival and the TRIUMPH, but Carnival admits that the breakaway and subsequent allision were proximately caused by the negligent acts and/or omissions of BAE Systems SSY Alabama Property Holding, LLC ("BAEPH"), and/or BAE Systems Southeast Shipyard Alabama LLC ("BAESSS") in one or more of the respects contained in subparagraphs (a) through (m) of paragraph 10.

11. The allegations contained in paragraph 11 are denied as they apply to Carnival and the TRIUMPH, but Carnival admits that Signal's alleged damages, if any, were suffered as a direct proximate result of the negligence of BAEPH and/or BAESSS.

## AFFIRMATIVE DEFENSES

Carnival sets forth its affirmative defenses which apply to all claims unless otherwise noted. By setting forth these affirmative defenses, Carnival does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Signal.

## FIRST AFFIRMATIVE DEFENSE

12.    Signal's counterclaim and cross-claim fail to state a claim or cause of action against Carnival and the TRIUMPH upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

13.    Further answering, Carnival avers in the alternative that Signal's claims were not caused or contributed to in any manner by Carnival, the TRIUMPH, their servants, employees, agents, or anyone for whom Carnival and the TRIUMPH are responsible.

## THIRD AFFIRMATIVE DEFENSE

14.    Further answering, Carnival avers in the alternative that the damage alleged by Signal was caused solely by the fault and/or negligence of BAE Property Holdings and/or BAE Shipyard, as more fully set forth in Carnival's complaint against the BAE entities, Doc. #1, and/or Signal and/or others for whom Carnival and the TRIUMPH have no responsibility, which precludes and bars Signal's recovery against Carnival and the TRUIMPH.

## FOURTH AFFIRMATIVE DEFENSE

15.    Further answering, Carnival avers in the alternative that if it is found that Signal suffered damages as a result of the negligence of anyone for whom Carnival and the TRIUMPH could or might be responsible, all of which are specifically denied, the alleged damages of Signal also were caused by and/or

contributed to by and/or aggravated by Signal's own negligence and/or the negligence of others for whom Carnival and the TRIUMPH are not responsible, and Carnival and the TRUIMPH are entitled to have any award for recovery mitigated and reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

16. Further answering, Carnival avers in the alternative that if the damages alleged by Signal were not caused solely by the fault and/or negligence of BAE Property Holdings and/or BAE Shipyard, and/or Signal, and/or others for whom Carnival and the TRIUMPH has no responsibility, Carnival pleads Act of God, force majeure, and/or unavoidable accident in defense of Signal's claims.

### SIXTH AFFIRMATIVE DEFENSE

17. Further answering, Carnival avers that the resulting damages alleged to have been sustained by Signal were not forseeable as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

18. Further answering, Carnival avers that Signal has failed to mitigate its alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

19. Further answering, Carnival avers that any damages sustained by Signal are the result of previously existing or subsequently occurring incidents for which Carnival and the TRIUMPH have no responsibility.

## NINTH AFFIRMATIVE DEFENSE

20. Further answering, Carnival avers that Signal's alleged damages, including, but not limited to, compensatory damages, costs, expenses and attorney's fees are not recoverable from Carnival and the TRIUMPH by law, statute or otherwise and/or under the circumstances of this action.

## TENTH AFFIRMATIVE DEFENSE

21. Carnival incorporates any and all other defenses asserted by any other defendant to the extent that those defenses are not inconsistent with Carnival's and the TRIUMPH's denial of any and all liability for Signal's alleged damages.

Carnival specifically reserves the right to supplement and/or amend this answer upon discovery of further information.

**WHEREFORE**, Carnival respectfully prays that its answer be deemed good and sufficient, and that after due proceedings are had, there be judgment in favor of Carnival and the TRIUMPH and against Signal, BAE Property Holdings and BAE Shipyard, dismissing Signal's counterclaim and cross-claim against Carnival and the TRIUMPH, at Signal's costs, and for all general and equitable relief.

Respectfully submitted,

s/ *Mary Campbell Broughton*
MARY CAMPBELL BROUGHTON (27867)
**FOWLER RODRIGUEZ**
P. O. Box 40008
Mobile, Alabama 36640
Telephone: 251-344-4721

Fax:  251-343-7503
E-mail:     mcb@frfirm.com
*Counsel for Carnival Corporation*


ANTONIO J. RODRIGUEZ (11375)
GEORGE J. FOWLER, III (05798)
A. T. CHENAULT (20747)
MICHAEL A. HAROWSKI (30543)
**FOWLER RODRIGUEZ**
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone:  504-523-2600
Fax:  504-523-2705
E-mails:    ajr@frfirm.com
            fow@frfirm.com
            atc@frfirm.com
            mharowski@frfirm.com
*Counsel for Carnival Corporation*


## CERTIFICATE OF SERVICE

I hereby certify, this 30th day of August, 2013, that I electronically filed the foregoing document with the Clerk of Court using CM/ECF system, which will send notification of such filing to all counsel on record.

s/ *Mary Campbell Broughton*