IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CARNIVAL CORPORATION,                    :

     Plaintiff,                          :

vs.                                      :        CA 13-0314-CG-C

BAE SYSTEMS SSY ALABAMA          :
PROPERTY HOLDINGS, LLC, et al.,
                                         :
     Defendants.


SIGNAL SHIP REPAIR, LLC,                 :

     Counter- and Cross-Plaintiff, :

vs.                                      :

CARNIVAL CORPORATION, BAE :
SYSTEMS SSY ALABAMA
PROPERTY HOLDINGS, LLC,          :
BAE SYSTEMS SOUTHEAST
SHIPYARDS ALABAMA LLC,           :
*in personam*, and M/V CARNIVAL
TRIUMPH, her engines, tackle,            :
gear, appurtenances, and all
accessories thereto, *in rem*,           :

     Counter-or Cross-Defendants:

AND

BERNADETTE W. JOHNSON, etc.,   :
et al.,
                               :
        Plaintiffs,
                               :
vs.                                        CA 13-0330-CG-C
                               :
CARNIVAL CORPORATION, et al.,
                               :
        Defendants.


UNITED STATES OF AMERICA,      :

        Plaintiff,             :

vs.                            :           CA 13-0472-CG-C

CARNIVAL CORPORATION, BAE      :
SYSTEMS SSY ALABAMA
PROPERTY HOLDINGS, LLC,        :
BAE SYSTEMS SOUTHEAST
SHIPYARDS ALABAMA LLC,         :
*in personam*, and M/V CARNIVAL
TRIUMPH, her engines, tackle,  :
gear, appurtenances, and all
accessories thereto, *in rem*,   :

        Defendants.            :


## OBJECTION TO PLAINTIFFS' JOHNSON AND EWING NOTICE OF VIDEO DEPOSITION OF IAN GRAHAM

COMES NOW Defendant BAE Systems SSY Alabama Property

Holdings, LLC ("BAE Property") and hereby objects to Plaintiffs' Notice of

Video Deposition of Ian Graham.  The grounds of Defendant's objection are the following:

## I.    Introduction.

On August 6, 2014, Plaintiffs Johnson and Ewing noticed the video deposition of Ian Graham.  This notice arises out of a discussion between counsel in which plaintiff asked to take the deposition and BAE Property stated the position that Mr. Graham was not a pertinent witness.  Plaintiffs asserted their desire to take Mr. Graham's deposition because of his role as manager of BAE Property and his signature, as counsel, on behalf of BAE Systems Ship Repair, Inc. ("Ship Repair") on a letter written in July 2010, in the process of Ship Repair's acquisition of the company which then owned BAE Property.  While Defendant originally believed that a deal could be reached to limit the topics of Mr. Graham's deposition, no such agreement was reached.  Plaintiffs' notice and "duces tecum" are overly broad and cover numerous ground level details and topics that Mr. Graham is not involved in executing as a top level executive; moreover, Mr. Graham can not discuss many of these topics because of their privileged nature and his position as General Counsel.

Mr. Graham is currently a Senior Vice President, the General Counsel, Secretary and a member of the Board of Directors of BAE

Systems, Inc., the corporation which sits near the top of a corporate structure of many companies, which includes two of the defendants in this case, BAE Property and BAE Systems Southeast Shipyards Alabama, LLC ("BAE Shipyard").  He is also a director of Ship Repair, and one of two Managers of both BAE Property and BAE Shipyard.  Therefore, Mr. Graham serves multiple roles and is involved in a variety of matters as it relates to BAE Systems, Inc. and its related entities.

Because of his multiple roles, and his position in the highest levels of this corporate structure, Mr. Graham is privy to a great deal of information that is private, proprietary, confidential and highly sensitive.  Also, because of his role as General Counsel, most of the information he has is subject to protection from discovery because of the attorney-client privilege or the obligation to maintain the confidentiality of his clients' information.

## II. Apex Depositions.

Requests to depose high level corporate officers are commonly referred to as "Apex depositions."  Chick-fil-A, Inc. v. CFT Development, LLC, 2009 WL 928226 (M.D. Fla.).  As a high level executive, Mr. Graham is not involved in the day to day operations of BAE Property or BAE Ship Repair.  The courts have generally been protective of senior executives who are far removed from the day-to-day operations that are directly

4

relevant to the subject of litigation.  Id. "Generally, because the CEO of a large corporation is familiar with the big picture of the operations of a company - - and is not familiar with the day to day operations of a business - - most courts have fashioned a test that requires the party seeking the deposition of a CEO to show the executive has 'unique or superior knowledge of discoverable information.'" Id.  See Salter v. Upjohn Co., 593 F2d. 649, 651 (5th Cir. 1979)[1](Protective Order granted barring deposition of President of drug company because he lacked direct knowledge of the facts of the dispute, and other employees had more direct knowledge). See also Baine v. General Motors Corp., 141 F.R.D. 332, 334-335 (M.D. Ala. 1991) (Protective Order prohibiting the deposition of a GM vice

_____

[1]Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).  "This is the first case to be heard by the United States Court of Appeals for the Eleventh Circuit, established October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, and this opinion is the first to be published by the Eleventh Circuit. Under P.L. 96-452 the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the "new Fifth." This court, by informal agreement of its judges prior to October 1, 1981, confirmed by formal vote on October 2, 1981, has taken this case en banc to consider what case law will serve as the established precedent of the Eleventh Circuit at the time it comes into existence. We hold that the decisions of the United States Court of Appeals for the Fifth Circuit (the "former Fifth" or the "old Fifth"), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit."

president; Court held that the Plaintiffs had failed to demonstrate that the officer in question had any superior or unique personal knowledge.)  In issuing such orders, the Court has broad discretion in determining and to what degree to issue protective orders.  Miller v. MP Global Products, LLC 2014 WL 1017887 (M.D. Ala.)("...Rule 26(c) confers broad discretion on the trial Court to decide when a protective order is appropriate and what degree of protection is required").

In its operating agreement, Property allows a manager to delegate day to day operations to a third party.  Specifically, paragraph 6.2 of the Operating Agreement states in part, "[T]he Manager may, from time to time, appoint and/or enter into agreements with third parties (a) to exercise all or part of its authority hereunder, or (b) to consult with the Company with respect to such activities."  In the process of discovery, BAE Shipyards acknowledged its role in monitoring, managing and repairing the piers at issue in this litigation.  Again, Mr. Graham was not involved in the day to day operations of BAE Property and should be protected from a deposition intended to harass or prejudice him or the BAE entities he represents.

As previously stated, Mr. Graham is a Senior Vice President, General Counsel, Secretary and Director of BAE Systems, Inc., a director of Ship

6

Repair and a manager of BAE Property and BAE Ship Repair.  Because of his role as a manager of BAE Property and the fact that he signed a letter, as counsel, related to the acquisition of BAE Property on behalf of BAE Systems Ship Repair, Inc., counsel for BAE Property was willing to allow Mr. Graham to be deposed on those limited topics.  However, Plaintiffs have not agreed to those limits and in their notice, requested documents on a wide range of topics that are irrelevant, privileged, private and proprietary.  BAE Property's willingness to cooperate with Plaintiffs should not open the door for Mr. Graham to be deposed on all topics which would not normally be permitted in an Apex Deposition.

Mr. Graham possesses a wide knowledge base as it relates to BAE Systems, Inc. and its related entities, but possesses very little relevant information regarding the issues pertaining to this litigation.  Mr. Graham is not and was not involved in the day to day operations of BAE Property or BAE Shipyards.  His situation is further complicated by the fact that he is a lawyer and much of his knowledge is either privileged or otherwise protected from discovery as work product or confidential information.

Furthermore, if Plaintiffs are allowed to take the deposition of Mr. Graham, the deposition should not take place in Mobile, Alabama.  Mr. Graham has not been noticed as a corporate representative.  He has been

noticed as an individual under Rule 30(b)(1).  Therefore, his deposition should be taken at his residence or place of business, which in this case is Washington, DC.   <u>Salter v. Upjohn Co.</u>, 593 F2d. 649, 651 (5th Cir. 1979)(requiring plaintiff, absent peculiar circumstances, to take executive's deposition at his home in Kalamazoo, MI.)

To allow plaintiffs to conduct their deposition without any showing of unique knowledge on behalf of Mr. Graham would prejudice BAE Property and its parent company by allowing Plaintiffs to infringe upon the attorney client privilege, work product, private, confidential and proprietary information.

**III.   Plaintiffs' "Duces Tecum"**

In addition to the deposition notice itself, plaintiffs included a request for production listing six separate items.  While Defendant discussed allowing Mr. Graham to be deposed on the two limited topics identified above, Defendant did not discuss the production of additional documents. Plaintiffs' noticed request for documents goes far beyond those narrow subjects.

Plaintiffs noticed Mr. Graham's deposition and attached a list of documents designated a "duces tecum" commanding the production of

documents at Mr. Graham's deposition.  Specifically, Plaintiffs request the

following categories of documents:

1.   Any notes, memos, emails, diary entries, logs, and any other information in any form, generated by you or provided to you, regarding the subject incident;

2.   Any and all documents of any kind whatsoever which relate to or reflect the transactions involved in acquisition of the property involved in the incident making the basis of this litigation by any BAE entity.

3.   Any and all assessments, analyzations, determinations, inspections and/or surveys performed by or on behalf of any BAE entity concerning the subject property acquired by BAE that is involved in the incident making the basis of this litigation specifically including, but not limited to, Pier K and Pier J, and/or the bollards and other appurtenances associated with these piers.

4.   Any and all documents, photographs, surveys, reports, notes, memos, and communications in any form whatsoever, that relate to or reflect the condition of the subject property which were available to or in the possession of any BAE entity prior to acquisition of the property by BAE.

5.   Any and all documents, photographs, surveys, reports, notes, memos, inspections, written opinions, proposals, agreements, contracts, and communications in any form whatsoever, that relate to or reflect the condition of the subject property at the time of the incident making the basis of this litigation.

6.   Any and all documents, photographs, surveys, reports, notes, memos and communications in any form whatsoever that relate to or reflect any repairs, changes, alterations, construction, destruction, and reconstruction of any part of

Pier K and Pier J at any time after acquisition of the subject property and prior to April 3, 2013.

Defendant's objections to Plaintiffs' document requests are as follows: (1) Mr. Graham is not a party and not subject to a document request under Rule 34; (2) Plaintiffs have not served a subpoena on Mr. Graham requiring the production of documents; Mr. Graham does not reside within the subpoena power of this Court and could not be ser ed with a subpoena to appear at a deposition in this District; (3) The documents requested by Plaintiffs are duplicative as there have been tens of thousands of pages of documents produced in this litigation on 5 of the 6 topics covered in Plaintiffs' "duces tecum"; (4) Plaintiffs' request is beyond the reasonable scope of the agreed upon reason for Mr. Graham's deposition; and (5) Plaintiffs' request asks for documents in the possession of non-party BAE entities that are irrelevant to this litigation, and are beyond the proper scope of a non-party, Rule 30(b)(1) deponent.

Mr. Graham is not a party to this litigation and is not subject to a request for production pursuant to Rules 30(b)(2) and 34.  His deposition is being sought as an individual, not as a corporate representative under Rule 30(b)(6).  Mr. Graham tentatively agreed to come to Mobile, AL for his deposition, but did not agree to produce documents and has not been

served with a subpoena.  The designation of this document request as a "duces tecum" is a misnomer.

As previously stated, Mr. Graham is the general counsel for BAE Systems, Inc. and as such any documents he may have are potentially subject to the attorney-client privilege and other protections.  The discussion of his deposition being taken was in the context of him being designated as a "manager" of BAE Property and BAE Shipyards and his signature as counsel on a letter involved in the acquisition of BAE Property.  BAE Property is a defendant in this case (CA 13-0330-CG-C). Both BAE Property and BAE Shipyards are defendants in the consolidated cases (CA 13-0314-CG-C and  CA 13-0472-CG-C). Both of those defendants have produced all discoverable documents answering the description of the items listed in Plaintiffs' so-called "duces tecum," items 1 and 3-6.  (See BAE Property's Responses to Plaintiffs Johnson and Ewing Requests for Production Nos. 1, 3, 4, 5, 6, 11, 12, 17 and 22, BAE Property's Responses to Carnival's Requests for Production Nos. 1, 2, 4 and 15 and BAE Shipyards' Responses to Carnival's Requests for Production Nos. 1, 2, 6, 7, 9, 10, 11, 16, 24, 26, 27 and 28.)  Item number 2 of the "duces tecum" is a new item of discovery, but has no relevance to the allegations against either BAE Property or BAE Shipyards.

11

Most of these requests are redundant as they have been covered in prior discovery to BAE Property or BAE Shipyards.  Also, in this notice, Plaintiffs reference "any BAE entity."  Any BAE entity other than those party to this litigation are irrelevant.  Therefore, plaintiffs request is also overly broad.

To reiterate, BAE Shipyards acknowledged its role in monitoring, managing and repairing the piers at issue in this litigation.  Therefore, Plaintiffs have already received the pertinent information and any additional documents not produced that are in the possession of Mr. Graham would be subject to the attorney-client privilege, work product, protected by his ethical obligation to maintain confidential communications with his client and/or not reasonably calculated to lead to the discovery of relevant evidence.

## IV.   Conclusion

Defendant objects to Plaintiffs Notice of Video Deposition of Ian Graham because of the protection afforded him as a high level executive, under an "apex deposition", and moreover because of his position as General Counsel and the ethical obligation imposed on him require him to protect the privileged, confidential, private and proprietary communications of his client.  The apparent scope of Plaintiffs' notice is unreasonable

12

broad and not directed at the person most likely to be able to produce

relevant information on the topics related to this litigation. There are less

intrusive ways to get the information plaintiffs seek to acquire, including

deposing the lower level employees involved in the day to day operations

of BAE Property.   Therefore, Plaintiffs' Video Deposition Notice of Ian

Graham should be quashed.

Respectfully submitted,


s/ *A. Danner Frazer, Jr.*
A. DANNER FRAZER, JR.  (FRAZA9809)
MICHAEL E. UPCHURCH  (UPCHM2707)
MARY MARGARET BAILEY  (BAILM4406)
JAY N. ROBINSON  (ROBIJ5261)
*Attorneys for Defendant BAE Systems SSY*
*Alabama Property Holdings, LLC*


**OF COUNSEL:**
FRAZER GREENE UPCHURCH & BAKER, LLC
P. O. Box 1686
Mobile, Alabama 36633
Telephone: (251) 431-6020
Fax: (251) 431-6030
adf@frazergreene.com
meu@frazergreene.com
mmb@frazergreene.com
jnr@frazergreene.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on August 20, 2014, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System which will automatically serve the same via electronic mail and/or by placing same in the United States mail, first class postage prepaid and properly addressed to the following:

*Attorneys for Carnival Corporation*
Antonio J. Rodriguez, Esquire
George J. Fowler, III, Esquire
A. T. Chenault, Esquire
Michael A. Harowski, Esquire
FOWLER RODRIGUEZ
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130

*Attorney for Carnival Corporation*
Mary Campbell Broughton, Esquire
FOWLER RODRIGUEZ
Post Office Box 40008
Mobile, Alabama 36640

*Attorneys for the United States
Army Corps of Engineers*
Michael A. DiLauro, Esquire
Benjamin R. Sweeney, Esquire
Trial Attorneys
Aviation & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
P. O. Box 14271
Washington, DC 20044-4271

*Attorneys for Bernadette Johnson
and Jason Ewing*
George W. Finkbohner, III, Esquire
Toby D. Brown, Esquire
David G. Wirtes, Jr., Esquire
CUNNINGHAM BOUNDS, LLC
Post Office Box 66705
Mobile, Alabama 36660

*Attorney for Bernadette Johnson
and Jason Ewing*
David A. Bagwell, Esquire
Post Office Box 2126
Fairhope, Alabama 36533

*Attorneys for BAE Systems
Southeast Shipyards Alabama LLC*
Brian P. McCarthy, Esquire
S. Fraser Reid, III, Esquire
McDOWELL KNIGHT ROEDDER
  & SLEDGE, LLC
11 North Water Street, Ste. 13290
Mobile, Alabama 36602

14

*Attorneys for Signal Ship
Repair, LLC*
Norman M. Stockman, Esquire
Paul T. Beckmann, Esquire
HAND ARENDALL LLC
Post Office Box 123
Mobile, Alabama 36601


s/ *A. Danner Frazer, Jr.*