IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARNIVAL CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CA 13-0314-CG-C |
| | * | |
| BAE SYSTEMS SSY ALABAMA | * | |
| PROPERTY HOLDINGS, LLC., et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |
| SIGNAL SHIP REPAIR, LLC, | * | |
| | * | |
| Counter- and Cross-Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| CARNIVAL CORPORATION, BAE | * | |
| SYSTEMS SSY ALABAMA PROPERTY | * | |
| HOLDINGS, LLC, BAE SYSTEMS | * | |
| SOUTHEAST SHIPYARDS ALABAMA | * | |
| LLC, *in personam*, and M/V CARNIVAL | * | |
| TRIUMPH, her engines, tackle, gear, | * | |
| appurtenances, and all accessories thereto, | * | |
| *in rem,* | * | |
| | * | |
| Counter- or Cross-Defendants. | * | |
| | * | |
| AND | * | |
| | * | |
| BERNADETTE W. JOHNSON, etc., | * | |
| et al., | * | |
| | * | CA 13-0330-CG-C |
| Plaintiffs, | * | |
| | * | |
| vs. | * | |
| | * | |
| CARNIVAL CORPORATION, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

UNITED STATES OF AMERICA,         *

                                 *

     Plaintiff,                  *

                                 *         CA 13-0472-CG-C

vs.                             *

                                 *

CARNIVAL CORPORATION; BAE       *

SYSTEMS SSY ALABAMA PROPERTY   *

HOLDINGS, LLC; BAE SYSTEMS      *

SOUTHEAST SHIPYARDS ALABAMA    *

LLC, *in personam;* and M/V CARNIVAL  *

TRIUMPH, her engines, tackle, gear,    *

appurtenances, and all accessories thereto, *

*in rem,*                           *

                                 *

     Defendants.             *

                                 *

## BAE SYSTEMS SSY ALABAMA PROPERTY HOLDINGS, LLC'S RESPONSE TO MOTION FOR SANCTIONS OR TO COMPEL

Defendant BAE Systems SSY Alabama Property Holdings, LLC ("BAE Property") respectfully files this Response to the Motion for Sanctions or to Compel BAE Properties and BAE Shipyards to Comply with the Letter and Spirit of Both the Order of this Court on August 25th, and the Federal Rules of Civil Procedure, and for Other Appropriate Relief which was filed on September 12, 2014 by Plaintiffs Bernadette W. Johnson and Jason Alexander Ewing. (Doc. 173).[1]  In support of its response to this motion, BAE Property states as follows:

---

[1] BAE Property also joins in the opposition filed by BAE Systems Southeast Shipyards Alabama LLC ("BAE Shipyards").  In order to avoid burdening the Court, BAE Property is not repeating every argument made by BAE Shipyards.

## I.    Introduction.

Plaintiffs Bernadette W. Johnson and Jason Alexander Ewing filed a motion asking the Court to compel or sanction BAE Property and BAE Systems Southeast Shipyards Alabama LLC ("BAE Shipyards") regarding their responses and objections to a "duces tecum" request for documents in connection with the deposition of Ian Graham. (Doc. 173).  In their motion, Plaintiffs Johnson and Ewing allege that BAE Property and BAE Shipyards have defied the Court's previous discovery order.  Plaintiffs' motion contains numerous inaccuracies, omissions, and misstatements of BAE Property's position.  Plaintiffs' motion is also premature - there are no discovery deadlines which have been missed, no order which has been defied, and, therefore, no grounds for either a Motion to Compel or a Motion for Sanctions at this time.

After Plaintiffs filed their Motion for Sanctions or to Compel, this Court ordered Defendants to file a response no later than September 19, set a hearing date for September 22, and ordered Mr. Ian Graham, Vice President and General Counsel for BAE Systems, Inc. ("BAE Systems"), the BAE entity four (4) levels above BAE Property and BAE Shipyards, to appear in person at that hearing.  The Court then ordered Defendants to produce non-objectionable responsive documents and a privilege log at the September 22 hearing. (Doc. 178).

## II.    History of Graham Deposition.

The discovery in this case has been marked by cooperation among all parties.  Counsel for Plaintiffs Ewing and Johnson and counsel for BAE Property have worked amicably together throughout the discovery process and reached compromises on most discovery issues in this case without seeking the Court's assistance.  Plaintiffs' assertions of misconduct on behalf of BAE Property and its counsel in regards to this matter are therefore disturbing.  *See* Declaration of A. Danner Frazer, Jr., attached hereto as Exhibit A, at ¶ 3.

At the conclusion of the last of the BAE Shipyards' employee depositions, Toby Brown, counsel for Johnson and Ewing, asked for the deposition of Ian Graham, and, as the stated basis for the deposition, said that Mr. Graham is one of the named Managers of BAE Property. *See* Ex. A, ¶ 4.   Mr. Brown also stated that he wished to question Mr. Graham about a July 10, 2010 letter he signed commenting on the state of maintenance of BAE Shipyards' assets.  That letter was written at a time when BAE Systems Ship Repair, Inc. ("BAE Ship Repair"), which is not a party to this suit, was planning to acquire the limited liability companies which are currently known as BAE Property and BAE Shipyards. *Id.*

After Mr. Brown's request, counsel for BAE Property learned that Mr. Graham is the General Counsel for BAE Systems, which is also not a party to this suit and is headquartered in Arlington, VA. *Id.* at ¶ 5.  At the time he signed the

letter referenced above, Mr. Graham was a Deputy General Counsel and was acting in that capacity in signing the letter on behalf of BAE Ship Repair as part of the 2010 acquisition of BAE Property and BAE Shipyards. *Id.*

Counsel for BAE Property informed Plaintiffs' counsel that Mr. Graham was the General Counsel, and that he had no first-hand knowledge of the condition of the pier involved in the breakaway because he had no operational role with respect to BAE Property or BAE Shipyards.   At that point, counsel for BAE Property suggested that Plaintiffs' counsel consider a 30(b)(6) deposition to obtain the information he sought and to then reconsider whether the deposition of Mr. Graham is necessary. *Id.*   Additionally, counsel for BAE Property informed Plaintiffs' counsel that BAE Property may have to resist the deposition of Mr. Graham, and that he would probably have to subpoena Mr. Graham for a deposition in Washington, D. C.  Plaintiffs' counsel made no assertion at that time that his clients had a right to take the deposition in Mobile, AL. *Id.*

Subsequently, counsel for Plaintiffs contacted counsel for BAE Property and again requested the deposition of Mr. Graham and asked that BAE Property bring Mr. Graham to Mobile for the deposition. *Id.* at ¶ 7.  Counsel for BAE Property contacted Mr. Graham and obtained his tentative agreement to appear for a deposition in Mobile on October 7, 2014, a date later agreed upon by all counsel. *Id.*  BAE Property offered to bring Mr. Graham to Mobile, but also asked that

5

Plaintiffs' counsel consider some form of agreement to limit the scope of the deposition because Plaintiffs' stated basis for the deposition was limited to two specific facts:  1) Mr. Graham's designation as an LLC manager of both BAE Property and BAE Shipyards, and 2) Mr. Graham having signed a letter relating to the condition of the shipyard in Mobile that BAE Ship Repair was in the process of acquiring. *Id.*  This is a particularly narrow scope because Mr. Graham does not have operational responsibilities for either BAE Property or BAE Shipyards.  *See* BAE Shipyards' Response to Plaintiffs Motion for Sanctions.

BAE Property sought an agreement limiting the scope of the deposition because Mr. Graham's current position as General Counsel of BAE Systems, and prior position as Deputy General Counsel during BAE Systems' acquisition of BAE Shipyards and BAE Property, raised the high probability of numerous objections based upon attorney-client privilege and confidentiality of information known to Mr. Graham. *See* Ex. A at ¶ 7.  Although Plaintiffs' counsel expressed reservations about his ability to reach such an agreement, he did not entirely reject the possibility.  *Id.*  BAE Property believes that all parties were, at that time, acting in good faith to arrive at a compromise that would allow the deposition of Mr. Graham to proceed. *Id.*

Plaintiffs' counsel then served upon all counsel a Notice of Deposition which included a Duces Tecum for production of a wide range of documents by

Mr. Graham at his deposition, and went well beyond issues involving the July 10, 2010 letter signed by Mr. Graham. *Id*. at ¶ 8.   Among other things, the Duces Tecum requested all documents relating to the 2010 acquisition, without regard to subject matter, and all documents relating to the breakaway accident and subsequent events.   These requests were highly objectionable given Mr. Graham's role in providing legal advice and work product in connection with the accident and this lawsuit. *Id.* at ¶¶ 7-8.

This Duces Tecum was not part of any agreement to bring Mr. Graham to Mobile for his deposition.  Defense counsel's initial agreement to the deposition was given in the absence of any suggestion by Plaintiffs' counsel that the notice would include a Duces Tecum; had they known about the Duces Tecum, they would have never agreed to the deposition. Id. at ¶ 8.

Because of the broad nature of the document request, counsel for BAE Property continued its attempt to obtain an agreement limiting the scope of Mr. Graham's deposition and objecting to the need to produce documents.  When no agreement could be reached, BAE Property filed an objection to the deposition of Mr. Graham on August 20, 2014. *Id.* at ¶ 9 (Doc. 158).   BAE Property felt obligated to make its objection within a reasonable time pursuant to Rule 32(d)(1) of the Federal Rules of Civil Procedure, even though it was then in the midst of obtaining and evaluating information from BAE Systems' legal department in

order to more precisely determine the proper form of BAE Property's objection. *See* Ex. A, ¶ 8.  This Court overruled BAE Property's objection on August 26, 2014, and ordered the deposition to proceed on the basis of Mr. Graham's position as a manager of BAE Property. (Doc. 164).  However, that Order did not address the production of documents.

Because of the uncertainty regarding their obligations, BAE Property and BAE Shipyards on September 8, 2014 sent Plaintiffs objections to the Duces Tecum to preserve their arguments and avoid a waiver claim by Plaintiffs. *See* Ex. A, ¶ 11 (Docs. 173-1 and 173-2).  Counsel for BAE Property believed that the objection might need to be filed within the time period required by Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure because of the Court's apparent conclusion in its August 26th Order that the deposition notice to Mr. Graham was the equivalent of notice to a corporate party to the litigation.  As the original deposition notice had been served on August 6, 2014, it was counsel's judgment that the objections needed to be filed by September 8, 2014. *Id.*[2]

When submitting these objections to the Duces Tecum, Counsel for BAE Shipyards explained that Defendants had been working diligently on the production request but had not yet completed their review and evaluation of all

---

[2] Counsel elected to use the date of the original notice out of an abundance of caution even though Plaintiffs had re-noticed the deposition on August 29, 2014, and therefore under Rule 34 objections would not be due until September 29.

potentially responsive documents. *See* BAE Shipyards' Response to Plaintiffs Motion for Sanctions. The objections were not a definitive answer with respect to which documents were going to be produced, as the collection and review of potentially responsive documents was on-going. *Id.* at ¶¶ 11, 14. For reasons that are entirely unclear, Plaintiffs nevertheless filed the Motion for Sanctions or to Compel on September 12. This is all the more confusing because the documents requested were not even due to be produced until the date of Mr. Graham's deposition, which is currently scheduled for October 9.

It has always been BAE Property's intent to fully comply with the Court's August 26th Order and have Mr. Graham present for his deposition. *Id.* at 13. BAE Property would like to preserve its argument, however, that Mr. Graham's activities with respect to the acquisition of BAE Shipyard or BAE Property were not on behalf of a "party" to this lawsuit, but were in his role as General Counsel/Deputy General Counsel for a different BAE entity.[3]

---

[3] BAE Property would also like to preserve its argument that Mr. Graham is not a party and his deposition is being sought as an individual, not as a corporate representative under Rule 30(b)(6), so a subpoena is required both for his appearance and for the requested document production. In its August 26th Order, the Court ordered Mr. Graham to appear for his deposition without a subpoena. BAE Property intends to comply with the Court's Order but respectfully disagrees with that ruling. The Court has now ordered BAE Property to produce non-objectionable responsive documents at the hearing on September 22 – BAE Property again asserts that a subpoena is necessary, and that in the absence of a subpoena Mr. Graham has no obligation to produce documents at his deposition. Plaintiffs' have attempted to blur the line for the basis of Mr. Graham's deposition

Counsel for BAE Property is continuing to diligently work on gathering and reviewing the documents in Mr. Graham's possession necessary to respond to the Duces Tecum.  Due to the broad nature of the request, they are still in the process of reviewing all potentially responsive documents and have not yet been able to make all of the decisions that must be made in order to effectively protect the interests of their client. *Id.*  Once those decisions are made, it will then be possible to complete an appropriate privilege log to produce along with responsive documents. *Id.*

## III. No Grounds for Motion to Compel and No Grounds for Sanctions.

There has been no failure "to make disclosure or discovery" that would trigger the need for a motion to compel pursuant to Rule 37(a)(1).  Mr. Graham's deposition is set for October 9, 2014.  The "Duces Tecum" attached to the Amended Notice of Video Deposition of Ian Graham, filed on August 29, expressly states that:

---

between his role as a manager of BAE Property and a general deposition related to all BAE entities; BAE Property is making this argument in good faith based on well-reasoned case law regarding the differences between Rule 30(b)(1) and Rule 30(b)(6) depositions. See, e.g. Stone v. Morton International, Inc., 170 F.R.D. 498 (D. Utah 1997) (recognized the difference between the deposition of an individual and the deposition of a corporation under Rule 30(b)(6), and required that a party first pursue a 30(b)(6) deposition before deposing a particular individual as a corporate officer).

> The deponent is requested to **bring with him to the deposition** the following: ....[4]

(Doc. 151) (emphasis added).  Thus, Mr. Graham has not yet failed to appear or failed to bring the documents requested by Plaintiffs.

The Court has now ordered that Defendants must produce non-objectionable responsive documents and a privilege log at the hearing scheduled for September 22, 2014. (Doc. 178).  As stated above, BAE Property has joined in the opposition filed by BAE Shipyards and refers the Court to that filing for a complete discussion of Defendants' good faith and diligent efforts to comply with this Order.

There also has been no failure to obey a discovery order which would trigger the need for a motion to sanction pursuant to Rule 37(b)(2)(A).  The August 26th Order cited by Plaintiffs simply overruled BAE Property's request that the Graham deposition be quashed and specified that it would proceed as duly noticed.  Again, the deposition is set for October 9, 2014.

There has been no failure to respond to a request for production under Rule 34 which would trigger the need for a motion to sanction pursuant to Rule 37(d). If Mr. Graham is treated as a party, then a response objecting to the requested production was due within 30 days after service. *See* FRCP 34(b)(2)(A).  BAE Property, being cautious, submitted its objections to the Duces Tecum within that

---

[4] In fact, the phrase "duces tecum" means "bring with you." <u>Blacks Law Dictionary</u> (9th ed. 2009).

time period.  Counsel for BAE Shipyards communicated with Plaintiffs' counsel regarding these objections, informing Plaintiffs' counsel that the objections were being filed simply to avoid waiver and that defense counsel had not yet obtained all of the documents subject to the request but would review them as soon as possible to see which responsive documents could be produced without compromising a privilege or revealing confidential/proprietary information.

Defendants in submitting their objections to the Duces Tecum were not in any way acting in opposition to, or contrary to, the Court's Order of August 26, 2014.  Objections like the ones submitted by Defendants are routinely exchanged between parties to preserve arguments, and the parties continue to discuss what will and will not be produced.  That is precisely what happened here.  Defendants did not take, and do not take, the position that all responsive documents are privileged or that a document is automatically privileged because it is in a possession of an attorney.  Rather, in stating their objections to the Duces Tecum Defendants repeatedly used the phrase "to the extent that...." (Doc. 173-1). Furthermore, the Objection expressly states in regard to document request no. 2:

> Subject to and without waiver of the foregoing objections, to the extent there are non-objectionable, responsive documents, the same will be produced at the deposition.

*Id*.

Plaintiffs admit in their motion that they have conferred with opposing counsel; however, they give the false impression that Counsel for BAE Property and BAE Shipyards has indicated that no documents will be produced. This is simply not true. Counsel for BAE Property is doing all that it can to timely respond to a voluminous document request. Of course, BAE Property has an obligation to its client to review the many documents covered by the request with due diligence in order to avoid the disclosure of privileged or confidential information. Plaintiffs' counsel has been kept fully apprised of the situation.

In its Order of September 16, the Court stated that it was apparent from its review of the objections submitted on September 12 "that BAE Shipyards and BAE Property have reviewed documents which are the subject of plaintiffs' duces tecum requests." (Doc. 178). The Court's assumption is only partially correct. Many documents have been reviewed by defense counsel - enough to know that there will be objections - but thousands more must be reviewed in order to adequately protect the interests of their clients.

BAE Property should not be punished for taking the precaution of making objections to Plaintiffs' document request in order to avoid waiver. The response submitted to Plaintiffs was never intended to be read as a complete refusal to produce any documents – in fact, it expressly states that Defendants *will* comply with Plaintiffs' request by producing all non-objectionable documents at Mr.

Graham's deposition.   The objections raised in the response have not been previously ruled on because they go to the document request, not to the deposition notice.   This Court's Order of August 26 was silent as to document production. When Plaintiffs filed their motion, Mr. Graham had been ordered to appear without being subpoenaed to give his testimony, but the parties were still discussing the scope of the Duces Tecum and the Court had not ruled on the issue (and certainly had not ordered that they be produced prior to the deposition on October 9, 2014). (Docs. 164).

Finally, there has been no unreasonable delay in providing further information about any documents which BAE Property ultimately may decide to withhold.   Pursuant to the local practice rules, no privilege log is required until the documents are withheld and the requesting party is unsatisfied with the amount of description provided by the withholding party. See Intro. to Civil Practice in the So. District of Ala., Section I, K (Civil Prac. Fed. Ct. Comm. 1988).   Plaintiffs have only now brought up the issue of a privilege log and yet they nevertheless want this Court to require BAE Property to expedite the process and complete a log before it is even due.

Plaintiffs have not subpoenaed the documents so BAE Property cannot be subject to sanctions under Rule 45 for failing to obey a subpoena.   Even if the documents had been subpoenaed, courts within the 11th Circuit have not required

simultaneous filing of objections and a privilege log. <u>Ala. Educ. Assn. v. Bentley</u>, 2013 WL 246417, *3 (N.D. Ala. Jan. 22, 2013) (not reported) (holding that determinations regarding the timeliness of privilege logs should be made on a case-by-case basis, taking into account several factors including the magnitude of the document production and difficulty in responding).  Here, there was no subpoena, and the August 26th Order (issued only two weeks before the Plaintiffs' Motion for Sanctions or to Compel) was silent as to the issue of document production.  In that Order the Court neither required BAE Property to complete a privilege log nor set a deadline for the completion of any such log.

BAE Property has not yet claimed that any specific documents are privileged and therefore not subject to production; however it plans to properly assert that a large number of Mr. Graham's documents are privileged, which Plaintiffs should have anticipated given Mr. Graham's position as Deputy General Counsel and then as General Counsel for a separate BAE entity.  Once any documents are withheld on these grounds or any other grounds, BAE Property will support such action with the necessary evidence and description.

### IV.    Adoption of Response from BAE Shipyards.

In addition to the arguments enumerated above, BAE Property adopts by reference the response filed by BAE Shipyards to Plaintiffs' Motion.

## V.    Conclusion.

It is premature for Plaintiffs to demand that BAE Property be compelled to do things, or punished for not doing things, which it is not yet required to do. This Court should deny Plaintiffs' motion on grounds that it is not yet ripe for consideration.

BAE Property and its counsel have operated in good faith and without any disregard to the Court's orders in this matter.  At this point, BAE Property has only sought to preserve its right to object and protect information which may be privileged and/or confidential in nature.  Its objections was never intended to signify that BAE Property had completed its review of all potentially responsive documents and determined that none would be produced; defense counsel clearly stated as much in their conversations with Plaintiffs' counsel.

Based on the foregoing, BAE Property respectfully requests that the Court deny the Motion for Sanctions or to Compel filed by Johnson and Ewing.

Respectfully submitted,


s/ *Mary Margaret Bailey*
A. DANNER FRAZER, JR.  (FRAZA9809)
MICHAEL E. UPCHURCH  (UPCHM2707)
MARY MARGARET BAILEY  (BAILM4406)
JAY N. ROBINSON  (ROBIJ5261)
Attorneys for Defendant BAE Systems SSY Alabama Property Holdings, LLC

OF COUNSEL:
FRAZER GREENE UPCHURCH & BAKER, LLC
P. O. Box 1686
Mobile, Alabama 36633
Telephone: (251) 431-6020
Fax: (251) 431-6030
adf@frazergreene.com
meu@frazergreene.com
mmb@frazergreene.com
jnr@frazergreene.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on September 19, 2014, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System which will automatically serve the same via electronic mail and/or by placing same in the United States mail, first class postage prepaid and properly addressed to the following:

*Attorneys for Carnival Corporation*
Antonio J. Rodriguez, Esquire
George J. Fowler, III, Esquire
A. T. Chenault, Esquire
Michael A. Harowski, Esquire
FOWLER RODRIGUEZ
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130

*Attorney for Carnival Corporation*
Mary Campbell Broughton, Esquire
FOWLER RODRIGUEZ
Post Office Box 40008
Mobile, Alabama 36640

*Attorneys for Bernadette Johnson and Jason Ewing*
George W. Finkbohner, III, Esquire
Toby D. Brown, Esquire
David G. Wirtes, Jr., Esquire
CUNNINGHAM BOUNDS, LLC
Post Office Box 66705
Mobile, Alabama 36660

*Attorney for Bernadette Johnson and Jason Ewing*
David A. Bagwell, Esquire
Post Office Box 2126
Fairhope, Alabama 36533

*Attorneys for the United States Army Corps of Engineers*
Michael A. DiLauro, Esquire
Benjamin R. Sweeney, Esquire
Trial Attorneys
Aviation & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
P. O. Box 14271
Washington, DC 20044-4271

*Attorneys for BAE Systems Southeast Shipyards Alabama LLC*
Brian P. McCarthy, Esquire
S. Fraser Reid, III, Esquire
McDOWELL KNIGHT ROEDDER & SLEDGE, LLC
11 North Water Street, Suite 13290
Mobile, Alabama  36602

*Attorneys for Signal Ship Repair, LLC*
Norman M. Stockman, Esquire
Paul T. Beckmann, Esquire
HAND ARENDALL LLC
Post Office Box 123
Mobile, Alabama 36601

*/s/ Mary Margaret Bailey*

18