IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARNIVAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-314-CG-C |
| | ) | |
| v. | ) | |
| | ) | |
| BAE SYSTEMS SSY ALABAMA PROPERTY HOLDINGS, LLC, et al., | ) ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| BERNADETTE W. JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:13-cv-330-CG-C |
| | ) | |
| v. | ) | |
| | ) | |
| CARNIVAL CORPORATION, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-472-CG-C |
| | ) | |
| v. | ) | |
| | ) | |
| CARNIVAL CORPORATION, et al., | ) | |
| | ) | |
| Defendants | ) | |

SHORT, QUICK REPLY OF PLAINTIFFS JOHNSON AND EWING
TO RESPONSES OF BAE
<u>TO MOTION TO COMPEL RELATING TO IAN GRAHAM DEPOSITION</u>

A hearing on all of this is set for Monday at two, and we can discuss it all then, and discuss it more fully. Already pages and pages of motions and responses have been filed.

But in the meantime, before we enter the weekend before the hearing, it might clarify matters if we speak of a very basic matter which runs throughout this issue, and which is the main cause of much of this disagreement: just what was the role and involvement of Mr. Graham in the condition of these piers in Mobile?  In order to find that out is why we want to take his deposition; that's why depositions are taken in general.

The BAE parties are quite correct that the lawyers involved had several discussions about the deposition of Ian Graham and about his involvement and role. It was obvious then, and it is obvious now, that the BAE parties clearly did not want us to take his deposition and still don't.  And certainly both sides discussed all this.

So, what *was* his role, as far as we can figure it out *before taking his deposition*?

As this dispute first began to bloom, there did not seem to be any dispute that Mr. Graham is *both* a businessman and a lawyer. In fact, the first substantive

thing filed about any of this issue was when the BAE parties filed an Objection to the deposition of Mr. Graham, and it is a fair description of that Objection that it was made on the twin grounds that (1) he was not only a businessman, but was in fact **an apex businessman**, so high he should not even be deposed, and (2) that he was a lawyer and now general counsel, and so pretty much anything he touched was therefore privileged.

Today it is clear that the BAE entities try to minimize his role as a businessman, and maximize his role as a lawyer.

But it will help us all to boil it down a little.

**1. Mr. Graham's Non -"Operational" Status**. First, the BAE parties say many times in their responses that Mr. Graham did not have any "operational" role at the shipyards. "Operational"? Nobody ever said he was *personally* out there inspecting and testing bollards or handling lines. We aren't deposing Mr. Graham due to some misunderstanding about that. Instead, one major reason[1] we want to depose Mr. Graham is based on one undisputed fact which is already in the record, namely, that when BAE was buying Atlantic Marine's shipyards and entities here in Mobile back in 2010, he wrote a letter[2] to the Atlantic Marine entities on BAE

---

[1] We certainly don't intend to limit ourselves by saying that; the issues are bound only by the breadth of Rule 26.

[2] Exhibit 92. The letter is covered by a protective order, but plaintiffs "conventionally filed" a sealed copy with the Court on July 18, 2014 as Exhibit D

Systems Ship Repair stationery – which did *not* identify him as a lawyer – which among other things expressed concerns about the condition of some of the piers at the Mobile facility, and asking for copies of one or more letters or surveys from experts who had examined and surveyed them.  This wasn't a letter to a client giving legal advice; it was a letter written to the people on the other side of the transaction, and it does not mention or cite any statute or case or regulation or legal issue. BAE discredits what we cite about businessmen and the attorney-client privilege, and they say he did not ever do any double-role stuff, and was always a lawyer, but *in this role* Mr. Graham was doing *precisely* what the Delaware judges say in print is not privileged even though done by a lawyer: negotiating:

> Importantly, there is no state in which a statement made to or by an attorney is automatically subject to the privilege.  ***This issue has particular importance in the context of negotiated transactions.  As the [Delaware] Court of Chancery has stressed, "just because you use a lawyer as a negotiator doesn't make something privileged.  The lawyer has to be operating as a lawyer."*** [3]

And, Mr. Graham was operating then as a negotiator, and not as a lawyer, and in that role what he does is simply not privileged. So he knew about the problems

---

to Document 87, which is plaintiffs' reply to the objection of the BAE entities to our motion to add two new BAE entities as a defendant. That motion is still pending. Carnival has filed a similar motion.

[3] Erik Olson, Gregory Varallo, and Rudolph Koch, <u>The Wheels Are Falling Off the Privilege Bus: What Deal Lawyers Need to Know About the Crash</u>, 66 BUS. LAWYER 901, 904 (2011)[emphasis added].

with the wharves, and he asked for more information. We want to know a lot more about all that, and we are entitled to know it.

**2. The Date of Mr. Graham's Becoming a Manager of these Two BAE Entities**.  Second, they seem to want to make a big point that the acquisition stuff is not relevant anyway, because Mr. Graham was not appointed as manager of these two local BAE entities, and did not get involved at all with either current BAE defendant, until *after* BAE's purchase of two Atlantic Marine entities which were then converted to BAE entities, and he then became Manager for them. Well, maybe so, but that doesn't really matter. You have to look at the acquisition process. Here's what was going on, and all the organizational charts in the world won't change this basic fact: a high-level BAE corporate entity was negotiating with a high level Atlantic Marine entity to buy the Atlantic Marine shipyards in Mobile. The idea was that at some point BAE, having bought the shipyard, would put its ownership in some appropriate corporate form, old or new. The online records of the Secretary of State of the State of Alabama show that in fact, the way they did it was that they took the Atlantic Marine entity which owned the piers in Mobile –"Atlantic Alabama Property Holding Company, LLC" was its name – and they simply changed the name of that entity to "BAE Systems SSY Alabmaa Property Holdings, LLC" on July 20, 2010. That's the BAE entity we sued. Now, both BAE entities argue that Mr. Graham has nothing to do with this at all because

it was only *later* when he became a manager of that entity. But look at the economic realities of the deal: he was doing the negotiating in behalf of the dominant economic force on the BAE side, the uphill or upstream corporate business, not the little local property-owning LLC.  The letterhead on which he wrote the July 8, 2010 letter said "BAE Systems" in big letters, and in finer print "BAE Systems Ship Repair, Inc, c/o BAE Systems, Inc."  That was the company with the economic power to call the shots. Don't you suppose that they could have put the pier ownership in most any of these smaller entities listed on their corporate charts? The fact that they decided simply to change the name of the pier-owning LLC from its Atlantic Marine Name to its new BAE name, and that's all, and that they *later* appointed Mr. Graham to a management position, does not mean that what he knew and what he learned when he wrote that letter [Exhibit 92] is irrelevant or privileged or anything else. That is non-privileged stuff, and it is among the most relevant basic facts in this lawsuit.

It bears remembering, whatever Mr. Graham's role was or was not before the consummation of the sale in 2010 – that both BAE and Mr. Graham *knew* that the piers were in deplorable condition – and *he then became an officer of BAE Properties*, the wharfinger defendant, *more than two full years before* this tragedy in 2013, the basis of this lawsuit.

**3. Nope, These Plaintiffs Have Not Filed a Privilege Log in this Case Yet, But That Fact is Completely Irrelevant Here**. The BAE entities evidently think that it is unfair that we have not filed a privilege log in this case, but are asking them to do so, as the Federal Rules require. Well, it is certainly true that plaintiffs have not filed a privilege log in this case, for a very simple reason: we are not withholding any documents.

s/ David A. Bagwell
DAVID A. BAGWELL
(BAGWD 4453)
P.O. Box 2126
Fairhope, AL 36533
david@bagwellesq.com
Additional Counsel for Plaintiffs

Certificate of Service

    I hereby certify that on this September 19, 2014 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sends notification of such filing to counsel for all parties who have appeared in this case.

                                          s/s David A. Bagwell
                                          David A. Bagwell